UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

SHARKEY SIMMONS, et ano.,

                        Plaintiffs,

                                       ORDER
       - against -

                                   14-CV-1804 (ARR) (MDG)

FERVENT ELECTRICAL CORP., et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served on:

**RUCKLIN DRUMMOND.**

- - - - - - - - - - - - - - - - - - -X

    Brent Pelton, counsel for plaintiffs, has moved by letter application dated August 27, 2014 to compel Rucklin Drummond (the "deponent") to comply with a subpoena requiring him to produce documents and testify at a deposition. See ct. doc. 22. As set forth in Mr. Pelton's letter, deponent failed to appear on the date set forth in a subpoena purportedly served upon him. Plaintiffs seek an order directing the deponent to appear for a deposition at plaintiffs' counsel's office on September 18, 2014.

    Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the action is pending. Fed. R. Civ. P. 45(a)(2), (3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Advisory Committee Notes, 1991

Amendment to Fed. R. Civ. P. 45; Board of Govenors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena issued under Rule 45 may be deemed a contempt of the court where compliance is required. Fed. R. Civ. P. 45(g); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, ¶ C45-26.

As a threshold matter, this Court lacks jurisdiction to address plaintiffs' motion. Rule 45 provides that subpoena-related motions and applications are to be made to the court where compliance is required. See Fed. R. Civ. P. 45(d)(2)(B), (d)(3), (e)(2)(B); Advisory Committee Notes, 2013 Amendments to Fed. R. Civ. P. 45. Since the subpoena at issue requires the deponent's attendance in Manhattan, plaintiff's motion is properly brought in the United States District Court for the Southern District of New York. However, to avoid potentially unnecessary motion practice, this Court will explain why it would deny the motion at this time even if it had jurisdiction to entertain it.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The traditional interpretation of Rule 45 has been that personal

service is required.  See 9A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2454 (3d ed. 2009).  However, this Court agrees with the reasoning of a growing number of courts that have held that "delivery" under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness rather than personal service. See, e.g., Leser v. U.S. Bank Nat'l Assoc., 2011 WL 1004708, at *3 n.9 (E.D.N.Y. 2011); Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc., 2010 WL 2346283, at *3 (E.D.N.Y. 2010); JP Morgan Chase Bank, N.A. v. IDW Group, LLC, 2009 WL 1313259, at *2-*3 (S.D.N.Y. 2009).  Even those courts that have sanctioned alternative means of service have done so only after the plaintiff had diligently attempted to effectuate personal service.  See Leser, 2011 WL 1004708, at *3 n.9; Cadlerock, 2010 WL 2346283, at *4; JP Morgan Chase, 2009 WL 1313259, at *3.

    Plaintiffs served the deponent by leaving a copy of the subpoena with his wife and sending a copy by first class mail. Neither the process server's affidavit nor plaintiffs' application demonstrate that plaintiffs diligently attempted to effectuate personal service on the deponent prior to resorting to alternative methods of service.  Since I find that the deponent was not properly served, I would deny plaintiffs' motion to compel on that ground.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is denied without prejudice.[1]

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 29, 2014

                                    __/s/_____
                                    MARILYN DOLAN GO
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In any future application, plaintiffs should also demonstrate that they made an effort to resolve the dispute and that the motion was sent to the deponent.  Plaintiffs must also mail a copy of this order to the deponent.