|  | LAW OFFICES |  |
|---|---|---|
| **Peter M. Kutil** ◆ | **KING & KING LLP** | **George A. King (1855-1938)** |
|  | 27-12   37th Avenue | **William B. King (1861-1930)** |
|  | Long Island City, N.Y. 11101 |  |
| **Katie L. Bireley** ◆ | 718-896-6554 |  |
|  | fax: 718-275-5081 |  |
| ◆   Admitted to the New York | e-mail: pkutil@king-king-law.com |  |
|     and New Jersey Bars |  |  |

January 20, 2016

**VIA ECF**

Magistrate Judge Marilyn D. Go
United States Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Simmons and Howard Leslie v. Fervent Electrical Corp., et al.
             Index No. 1:14-cv-1804-ARR-MDG

Dear Judge Go:

    The undersigned and this firm represent the defendants R & A Renovations Corp ("R&A") and Roman Kuczynski. I write in response to the January 13, 2016 letter application submitted by counsel for the plaintiffs.

    At issue is whether formal amended pleadings are necessary for the so-called opt-in plaintiffs.  The November 25, 2014 motion for certification as a collective action (Docket Entry No. 30) was withdrawn by plaintiff's counsel by letter dated November 4, 2015 (Docket Entry No. 44). Accordingly, and respectfully, the only plaintiffs in this case are Messrs. Sharkey Simmons and Howard Leslie, the plaintiffs named in the Amended Complaint filed June 10, 2014 (Docket Entry No. 13). Counsel have disagreed on this point in the context of scheduled discovery.  Plaintiff's counsel believes that other individuals, specifically individuals who filed consents to be parties under the Fair Labor Standard Act ("FLSA"), should also be identified as parties to this case.  These individuals, however, are not parties as no amended pleadings were filed on their behalf.  And, once plaintiffs' counsel withdrew their motion for designation of this case as a collective action, defendants respectfully submit that formal pleadings are required by the Rules of Civil Procedure.

    Support for the defendant's position is set forth in the very same cases cited by the plaintiffs in their January 13, 2016 letter.  Specifically, in <u>Myers v. Hertz Corp.</u>, 624 F3d 537, 555 (2d. Cir. 2010), the Court in reviewing the two-step method for certification, stated:

> "[a]t the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action

January 20, 2016
Letter to Court
Page 2

> may be "de-certified" <u>if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice</u>. *See, e.g.,* Family Dollar, 551 F.3d at 1261; Hipp, 252 F.3d at 1218." [Emphasis Added]

Here, the withdrawal of the certification motion, is no different than the act of "de-certification." There is no finding that any of the non-party individuals have similar claims. Plaintiffs opted to withdraw their motion. Formal pleading requirements of the Federal Rules of Civil Procedure, i.e. complaint, answer, etc., should not be waived. Other than FLSA causes of action are set forth in the amended pleadings, e.g. breach of contract causes are pled. In order to ask questions at a deposition, the defense should be able to place before the witness his or her complaint. That cannot be done here for other than Messrs. Simmons and Leslie.

In the Hipp case cited above in the Second Circuit Myers case, the Eleventh Circuit elaborated, "[i]f the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--i.e. the original plaintiffs--proceed to trial on their individual claims." Hipp v Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001). Here, there are only individual claims asserted by Messrs. Simmons and Leslie in the amended complaint.

The case discussion by the plaintiffs do not relate to the instant issue, i.e. where there is no collective action and no prospect of a collective action as such was abandoned. The cases cited by plaintiffs relate to situations where defendants were "picking off named plaintiffs through Rule 68 offers." There is no such allegation here.

Here, the plaintiff has voluntarily chosen to withdraw its collective action motion. As plaintiffs' counsel no longer wishes to pursue a collective action, the prior opt-in designated plaintiffs are no longer proper parties to this action. There is no finding that the requirements of a collective action were satisfied. The two named plaintiffs in the Amended Complaint are the only proper parties to move forward with the claims and causes of action in Amended Complaint. If the plaintiffs seek to make a motion to amend their complaint in this case, they should do so and that motion should be considered accordingly. Then, the status of the parties will be clear.

                Respectfully submitted,

                *Peter M. Kutil*

                Peter M. Kutil (PK 2562)

cc:    Brent E. Pelton, Esq. (via ECF) / PMK:sas