<u>MINUTE ORDER</u>

**PETERS V. FERVENT ELECTRICAL**
**14cv01804** (ARR) (MDG)

   This order supplements the rulings made on the record at a hearing on January 25, 2016 regarding plaintiffs' motion for a ruling that the opt-in plaintiffs "have asserted claims and can proceed with their claims in this lawsuit" without a motion for formal joinder or amended pleading.  <u>See</u> ct. doc. 45.

   Courts have treated employees who file written consents to join as parties to an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u> as of the date their written consents were filed.  <u>See</u> 29 U.S.C. §§ 216(b), 256(b); <u>Sanchez v. El Rancho Sports Bar Corp.</u>, 2015 W: 3999161, at *5 (S.D.N.Y. 2015); <u>Anjum v. J.C. Penny</u>, 2014 WL 5090018, at *12 (E.D.N.Y. 2014). "Conditional certification" of a collective action is not required for a similarly situated employee to "opt-in" to a FLSA action. <u>See</u> <u>Augustyniak v. Lowe's Home Ctr.</u>, 2015 WL 9077572, at *1 (W.D.N.Y. 2015); <u>Gonyer v. Vane Line Bunkering, Inc.</u>, 32 F. Supp. 2d 514, 516  (S.D.N.Y. 2014); <u>Anjum</u>, 2014 WL 5090018, at *13.

   As this Court noted, the issue whether a pleading needs to be formally amended to name an employee who filed a written consent to join is not addressed in the statute nor have other courts directly discussed it.  However, including the "opt-in" employees in the pleadings is useful in the interest of clarity and not onerous given the small number of plaintiffs involved here.  In addition, the defendants are entitled to fair notice of the facts upon which the new plaintiffs' claims are based.

   Moreover, the consents that are required to be filed operate to confirm only the employees' interest in pursuing actions under that provision.  <u>See</u> 29 U.S.C. §§ 216(b).  Insofar as the new "opt-in" employees seek to assert related individual claims under state law that the original plaintiffs have already asserted in this action, there is no pleading which clearly states that the new plaintiffs are also asserting claims for relief under pendent state law claims here, since plaintiffs appear to have abandoned efforts to broaden the scope of this action beyond the claims of individual plaintiffs.

   Accordingly, while the plaintiffs are correct that they should all be treated as plaintiffs in this action, this Court grants plaintiffs' motion in part to note that they are plaintiffs only for purposes of claims asserted under the FLSA.  However, this Court grants plaintiffs leave to file an amended or supplemental complaint to add those plaintiffs who have filed consents since the original complaint filed herein.  If the plaintiffs elect to file

an amended complaint rather than a supplemental complaint, they must provide defendants a "red-lined" version to reflect any changes made from the original complaint. Such amended or supplemental complaint must be filed by January 28, 2016.

**SO ORDERED.**

Dated:   Brooklyn, New York
         January 26, 2016

                                    /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE