```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

SHARKEY SIMMONS, et ano.,

                    Plaintiffs,
                                          ORDER
          - against -
                                          14-CV-1804 (ARR) (MDG)
FERVENT ELECTRICAL CORP., et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - -X

This order concerns a subpoena served
on:

          HUGH L. JACKSON.

- - - - - - - - - - - - - - - - - -X
```

Peter Kutil, counsel for defendants R & A Renovations Corp. and Roman Kuczynski, has moved by letter application dated June 21, 2016 for an order to show cause why Hugh L. Jackson (the "deponent") should not be held in contempt of Court for his failure to comply with a subpoena requiring him to testify at a deposition. See ct. doc. 55. As set forth in Mr. Kutil's letter, the deponent failed to appear on the dates set forth in subpoenas purportedly served upon him. Since "it [is] rare for a court to use contempt sanctions without first ordering compliance with a subpoena," (Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment), I treat defendants' letter as a motion to compel.

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the action is pending. Fed. R. Civ. P. 45(a)(2), (3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. See, e.g., Fed. R. Civ. P. 45 advisory committee's note to 1991 Amendment; Board of Govenors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641-42 (S.D.N.Y. 1991).

Absent an improperly issued subpoena or an "adequate excuse" by the non-party, failure to comply with a subpoena issued under Rule 45 may be deemed a contempt of the court where compliance is required. Fed. R. Civ. P. 45(g); see also Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991). Indeed, the judicial power to hold a non-party who has failed to obey a valid subpoena in contempt is the primary mechanism by which a court can enforce a subpoena. See David D. Siegel, Fed. R. Civ. P. 45, Practice Commentaries, ¶ C45-26.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The traditional interpretation of Rule 45 has been that personal service is required. See 9A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2454 (3d ed. 2009). However, this Court agrees with the reasoning of a growing number of courts that have held that

"delivery" under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness rather than personal service. See, e.g., Sheet Metal Workers Nat'l Pension Fund v. Rhb Installations, Inc., 2016 WL 128153, at *2 (E.D.N.Y. 2016); Leser v. U.S. Bank Nat'l Assoc., 2011 WL 1004708, at *3 n.9 (E.D.N.Y. 2011); Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc., 2010 WL 2346283, at *3 (E.D.N.Y. 2010); JP Morgan Chase Bank, N.A. v. IDW Group, LLC, 2009 WL 1313259, at *2-*3 (S.D.N.Y. 2009). Even those courts that have sanctioned alternative means of service have done so only after the plaintiff had diligently attempted to effectuate personal service. See Leser, 2011 WL 1004708, at *3 n.9; Cadlerock, 2010 WL 2346283, at *4; JP Morgan Chase, 2009 WL 1313259, at *3.

Defendants served the deponent by leaving copies of the subpoenas with his wife on two different occasions and sending copies by first class mail. However, neither the process server's affidavit nor defendants' application are sufficient to demonstrate that defendants diligently attempted to effectuate personal service on the deponent prior to resorting to alternative methods of service. Since I find that the defendant has not yet made a sufficient effort to serve the deponent personally prior to resorting to alternative service, I decline at this juncture to grant defendants' motion for contempt. See Cadlerock, 2010 WL 2346283, at *4-*5 (denying motion for contempt

without prejudice to re-application upon proper service of the subpoena).

**Nevertheless, Mr. Jackson is warned that he must comply with a validly served subpoena or he could be subject to contempt proceedings for failure to respond to the subpoena. If he is found to be in contempt of a subpoena, he would be subject to sanctions, including imposition of a monetary fine, attorneys' fees and costs. If the failure to comply continues, the Court could issue a warrant of arrest for failure to comply with a court order.**

## CONCLUSION

For the foregoing reasons, defendants' motion for an order to show cause is denied without prejudice.[1]

**SO ORDERED.**

Dated:    Brooklyn, New York
          July 5, 2016

                                    __/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In any future application, defendants must demonstrate that the motion was sent to the deponent. Defendants must also mail a copy of this order to the deponent.